UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IMARI BUTLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-342 DRL-SJF |
| WILLIAM HYATTE *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Imari Butler, a prisoner without a lawyer, filed a complaint about a strip search that occurred at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Butler alleges that, after he had completed his work shift in the chow hall one day, he was strip searched to determine if he had taken any food items or contraband during his shift. ECF 1 at 2. Ms. Montez, an Aramark food service employee, conducted the strip search and Mr. Pully, the Food Service Director for Aramark, directed Ms. Montez to perform the search. *Id*. Mr. Butler asserts it was unconstitutional for a female employee to see him undressed. *Id*. He also contends strip searches should only be

conducted by custody officers, not Aramark contracted staff, unless there is a legitimate safety or security concern. *Id*. Mr. Butler has sued Ms. Montez and Mr. Pully for violating his privacy rights under the Fourth Amendment. *Id*.

Convicted prisoners "maintain a privacy interest, although diminished, in their bodies." *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). The Fourth Amendment recognizes the interplay between the inmate's privacy interest and institutional concerns, and "thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id*. at 781. In general, courts must consider whether the searches were unreasonable in light of (1) the scope of the intrusion, (2) the manner in which it was performed, (3) the justification for it, and (4) the place where it occurred. *Id*. at 784 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)). In the absence of an emergency, cross-gender strip searches are carefully scrutinized for reasonableness. *See Canedy v. Boardman*, 16 F.3d 183, 187 (7th Cir. 1994) ("[P]at-down searches and occasional or inadvertent sighting by female prison employees of [male] inmates in their cells or open showers do not violate the inmates' right to privacy. But that right is violated where this observation is more intrusive (like a strip search, in the absence of an emergency) or a regular occurrence.").

Mr. Butler's allegations fall short of stating a Fourth Amendment claim. He has not provided the court with the date of the strip search or even an estimation of when it occurred. He also has not described the strip search with sufficient detail to permit the

court to determine whether he states a claim. Because his allegations are too vague to state a plausible claim, he may not proceed against either Ms. Montez or Mr. Pully.

Mr. Butler has also sued Warden William Hyatte. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Warden Hyatte cannot be held liable for damages simply because he oversees the operations at the prison or supervises prison staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Therefore, Mr. Butler may not proceed against Warden Hyatte.[1]

As a final matter, Mr. Butler asserts he was subjected to discrimination under the Equal Protection Clause of the Fourteenth Amendment. ECF 1 at 3. Here, he contends that female inmates are afforded the right not to be searched or viewed undressed by male custody officers, but male inmates are not afforded the right not to be searched or viewed undressed by female custody officers. *Id*. Mr. Butler's allegations are vague, and he does not link them to any specific date or defendant. Because his allegations are too vague to state a claim, he may not proceed here.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

---

[1] Mr. Butler is also suing Warden Hyatte, Ms. Montez, and Mr. Pully in their official capacities for monetary damages. "[N]either a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, he may not proceed against these defendants in their official capacities.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Butler believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

4

(1) GRANTS Imari Butler until **April 2, 2025**, to file an amended complaint; and

(2) CAUTIONS Imari Butler if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 3, 2025                              *s/ Damon R. Leichty*
                                           Judge, United States District Court